**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ANTWAN RHONE and KEITH GRIGSBY,** | ) | |
| | ) | **Case No. 22-cv-659** |
| **Plaintiff,** | ) | |
| | ) | **Judge** |
| **v.** | ) | |
| | ) | **Magistrate Judge** |
| **P.O. DANIEL POLFLIET and P.O JOHN DOE 1-6, Individually, the VILLAGE OF WILLOWBROOK, a Municipal Corporation, and the COUNTY OF DUPAGE, a Municipal Corporation,** | ) | **JURY DEMAND** |
| **Defendants.** | ) | |

**COMPLAINT**

**NOW COME** the Plaintiffs, ANTWAN RHONE and KEITH GRIGSBY, by and through their attorneys, Gregory E. Kulis & Associates, Ltd. and complaining against the Defendants, P.O. DANIEL POLFLIET and P.O. JOHN DOE 1-6**,** individually, THE VILLAGE OF WILLOWBROOK, a municipal corporation, and COUNTY OF DUPAGE, a municipal corporation, as follows:

**COUNT I – UNLAWFUL SEARCH AND SEIZURE (P.O. DANIEL POLFLIET)**

1. This action is brought pursuant to the Laws of the United States Constitution, specifically, 42 U.S.C. §1983 and §1988, and the laws of the State of Illinois, to redress deprivations of the Civil Rights of the Plaintiffs, ANTWAN RHONE and KEITH GRIGSBY, accomplished by acts and/or omissions of Defendants, P.O. DANIEL POLFLIET, P.O. JOHN DOE 1-6, THE VILLAGE OF WILLOWBROOK, and the COUNTY OF DUPAGE committed under color of law.

2. Jurisdiction is based on Title 28 U.S.C. §1343 and §1331 and supplemental jurisdiction of the State of ILLINOIS.

3. The Plaintiffs, ANTWAN RHONE and KEITH GRIGSBY, were, at all relevant times, a residents of the State of Illinois.

4. At all relevant times, the Defendants, P.O. JOHN DOE 1-6 were duly appointed Chicago Police Officers acting within the scope of their employment and under color of law.

5. At all relevant times, the Defendant, P.O. DAVID POLFLIET, was a duly appointed working SWAT and Willowbrook Police Officers acting within the scope of his employment and under the color of law.

6. At all relevant times, the Plaintiffs were residing tenants of 8706 S Burley Avenue, Apartment A, Chicago IL for approximately two years.

7. On August 29, 2021, the Defendant, P.O. DANIEL POFLIET, applied for a warrant for 8706 S. Burley Ave, Apartment A, Chicago, IL.

8. Allegedly, the Defendant, P.O. DANIEL POFLIET, was looking for someone involved with an armed vehicular robbery, but the target was not ANTWAN RHONE or KEITH GRIGSBY.

9. There was no evidence that either ANTWAN RHONE or KEITH GRIGSBY were involved with any such crime.

10. The was no evidence that the target, suspect or any evidence of any crime was at 8706 S Burley Ave Apt A.

11. No one verified that this address was connected to any crime.

12. The Defendant, P.O. DANIEL POLFLIET, obtained a warrant knowing that the Plaintiffs were not involved in any crime or, alternatively, failed to determine who lived at this address.

13. It is the duty of the affiant for a complaint for a search warrant to independently investigate and verify the information relied on for a warrant.

14. Despite that fact, the Defendant, DANIEL POLFLIET, applied for a warrant without any investigation, corroboration, or fact to support probable cause that the Plaintiffs were involved in any crime.

15. It is the duty of the applicant for a warrant to disclose to the issuing judge whether he had identified the correct apartment or place to be searched and not the residence of innocent third parties.

16. The Defendant P.O. POLFLIET failed to investigate or verify the information he presented before the issuance of the warrant.

17. On August 25, 2021, Defendants P.O. JOHN DOE 1-6 executed the search warrant at Plaintiffs' long-time home.

18. When Defendants P.O. JOHN DOE 1-6 entered Plaintiffs' home, Plaintiffs asked for a warrant and was told the Defendants did not have one.

19. No contraband was found, nor was any evidence of any crime regarding the Plaintiffs found.

20. When the Defendants, P.O. JOHN DOE 1-6, burst into Plaintiffs' home, both Plaintiffs were naked and attempted to put clothes on, but were prevented from doing so.

21. The Plaintiffs, ANTWAN RHONE, had a colostomy bag on his side.

22. The Plaintiffs informed the Defendants that they had the wrong house.

23. The Defendant officers P.O. JOHN DOE 1-6 pointed weapons at the Plaintiffs.

24. The Plaintiffs were seized and placed in handcuffs.

25. The actions of the Defendant P.O. DANIEL POLFLIET were done intentionally and with reckless disregard for Plaintiffs' rights.

26. As a result of the actions of the Defendant P.O. DANIEL POLFLIET, the Plaintiffs incurred fear, emotional distress, anxiety, embarrassment, and unreasonable search of their home, and fear of seizure.

27. The actions of the Defendant, P.O. DANIEL POLFLIET resulted in violations of the Plaintiff's Fourth Amendment Rights as protected by 42 U.S.C. §1983.

28. The acts of the Defendant, P.O. DANIEL POLFLIET, were intentional, willful and wanton.

WHEREFORE, the Plaintiffs, ANTWAN RHONE and KEITH GRIGSBY, pray for judgement against the Defendant, P.O. DANIEL POLFLIET, for reasonable compensatory damages, punitive damages, attorneys' fees, and costs.

**COUNT II –UNREASONABLE SEARCH (P.O. JOHN DOE 1-6)**

1-22. The Plaintiffs hereby reallege their allegations of paragraphs 1-22 of Count I as their respective allegations of paragraphs 1-22 of Count II as though fully set forth herein.

19. When the Defendants P.O. JOHN DOE 1-6 entered the Plaintiffs' home, they seized the Plaintiffs, prohibiting their movement and prohibiting them from putting clothes on and handcuffing them.

20. The Defendants busted the door down.

21. It was clear that the Plaintiffs' were not the targets of the warrant.

22. The Plaintiffs were threatened with automatic weapons in their face.

23. The Plaintiffs were not allowed to leave, and their freedom was restricted.

24. The Plaintiffs were handcuffed.

25. Thereafter the Plaintiffs were taken outside and held in custody on the public way for neighbors and passersby to see.

26. The Plaintiffs home was searched throughout.

27. As a result of the actions of the Defendants, P.O. JOHN DOE 1-6, Plaintiffs suffered fear, anxiety, emotional distress, embarrassment, and pain and suffering.

28. The actions of the Defendants, P.O. JOHN DOE 1-6 were intentional, willful and wanton.

29. The actions of the Defendants pursuant to the customs and policies of the DuPage County SWAT Team.

30. The actions and omissions constituted a violation of the Plaintiffs' Fourth Amendment Rights as protected by 42 U.S.C. §1983.

WHEREFORE, the Plaintiffs, ANTWAN RHONE and KEITH GRIGSBY, pray for judgement against the Defendant, P.O. DANIEL POLFLIET, for reasonable compensatory damages, punitive damages, attorneys' fees, and costs.

**COUNT III – FALSE ARREST**

1-30. The Plaintiffs hereby reallege and incorporate their allegations of paragraphs 1-30 of Count II as their respective paragraphs 1-30 of Count III as though fully set forth herein.

31. The Defendants, P.O. JOHN DOE 1-6, were aware that the warrant was for the wrong residence.

32. The Defendants, P.O. JOHN DOE 1-6, were aware that neither of the Plaintiffs matched the targeted subject of the warrant.

33. The Defendants, P.O. JOHN DOE 1-6, seized the Plaintiffs, ANTWAN RHONE and KEITH GRIGSBY, in custody though they had not committed a crime, broken any laws, or matched the description of the targeted subject of the warrant.

34. The Defendants, P.O. JOHN DOE 1-6, held the Plaintiffs in custody for over one hour, both inside and out on the street for the public to view.

35. The actions of the Defendants, P.O. JOHN DOE 1-6, violated the Plaintiffs' Fourth Amendment Rights as protected by 42 U.S.C. §1983.

36. The actions of the Defendants, P.O. JOHN DOE 1-6, were intentional, willful and wanton.

37. As a result of the actions of the Defendants, P.O. JOHN DOE 1-6, the Plaintiffs suffered fear, emotional distress, anxiety, pain and suffering.

WHEREFORE, the Plaintiffs, ANTWAN RHONE and KEITH GRIGSBY, pray for judgement against the Defendants, P.O. JOHN DOE 1-6, for reasonable compensatory damages, punitive damages, and attorney's fees and costs.

**COUNT IV- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

1-32. The Plaintiffs hereby reallege and incorporate their allegations of paragraphs 3-34 of Count III as their respective paragraphs 1-32 of Count IV as though fully set forth herein.

33. The Defendants knew that the illegal search of a home that is not investigated or verified would cause emotional distress and fear of the residents/occupants.

34. The Defendants knew that when they broke down the door, threatened the Plaintiffs with automatic weapons, and handcuffed them would cause extreme fear and emotional distress.

35. As a result of the acts and omissions of the Defendants, the Plaintiffs incurred extreme pain, fear, and emotional distress.

36. The Defendant's acts were intentional, willful and wanton.

WHEREFORE, the Plaintiffs, ANTWAN RHONE and KEITH GRIGSBY, pray for judgement against the Defendants, P.O. JOHN DOE 1-6, for reasonable compensatory damages, punitive damages, and attorney's fees and costs.

**COUNT V - INDEMNIFICATION CLAIM PURSUANT TO 74 ILCS 10/9-102**

1-36. Plaintiff realleges the above paragraphs 1-36 of Count IV as their allegations of Count V as though fully set forth herein.

37. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant Village of Willowbrook is liable for any judgments for compensatory damages, attorneys' fees and costs, in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiffs ask that this Honorable Court order Defendant Village of Willowbrook to indemnify the Defendant-Officers for any judgment for compensatory damages, attorneys' fees and costs in this case arising from the officers' actions.

## JURY DEMAND

The Plaintiff requests trial by jury.

Respectfully submitted,

/s/ Gregory E. Kulis
Gregory E. Kulis

**Gregory E. Kulis & Associates, Ltd.**
**30 North LaSalle Street, Suite 2140**
**Chicago, Illinois 60602**
**(312) 580-1830**
**service@kulislawltd.com**